BRUCE *v.* COOK.

(Decided November 18, 1929.)

*Mr. Walter. S. Harlan,* for plaintiff in error.
*Mr. G. W. A. Wilmer,* for defendant in error.

HAMILTON, J. Gilbert Bruce brought an action against Robert Cook, in the court of common pleas of Butler county, Ohio, for personal injuries which he claimed to have received by being struck by Cook's automobile while crossing a street in Hamilton.

At the trial of the case, the jury returned a verdict in favor of the defendant. Plaintiff in error seeks a reversal of that judgment.

The only question of error claimed is error in the charge of the court.

The first complaint against the charge is that the court did not state the issues to the jury, in that the court read the pleadings to the jury, which was held in the case of *Baltimore & Ohio Rd. Co.* v. *Lockwood,* 72 Ohio St., 586, 74 N. E., 1071, insufficient. In the instant case, it is true the court read the pleadings to the jury, but it did not stop there in stating the issues, as the court did in the *Lockwood case.* After reading the pleadings, the trial court enumerated specifically by paragraph and number the issues in the case, stating that the case was a negligence case, and proceeded to fully state what was necessary for the plaintiff to prove, and what defenses were claimed. In fact, the court stated the issues more fully than is usually done. The reading of the pleadings, while unnecessary, does not require a reversal, in view of the fact that the court stated the issues fully later.

The second complaint is that, after reading to the jury Section 12603, the court did not charge the jury on the business or closely built-up provision of the section. The court submitted the whole section to the jury, which contains self-explanatory language with reference to business or closely built-up por-

tions of the city. The court might have dwelt on the meaning and legal effect of this provision, but was not required so to do. Moreover, if counsel desired a more specific charge, he should have so requested.

Objection is made to the following paragraph in the charge: ''This means simply that the proof of the violation of a provision of the Code or Statute, by running the automobile at a greater rate of speed than is provided by such Code or Statute, shall be *prima facie* proof only of negligence; but it is not conclusive, and if the jury find in this particular case that the defendant ran the automobile at a greater rate of speed than is provided by law, that it is not conclusive of negligence on the part of the defendant, if the jury should find under all the circumstances as shown by the evidence in this case that the defendant was not negligent in the operation of his automobile.''

In the use of this language the court was explaining to the jury the effect of the *prima facie* provision of the Code, and was stating to the jury that violation of the statute which made a *prima facie* case of negligence, was not conclusive; that they could still find that defendant was not negligent in the operation of his automobile under all the circumstances. Taken in connection with the other provision of the Code requiring the operation of motor vehicles to be at a speed that is reasonable and proper, we see no error in this paragraph, when taken in connection with the charge as a whole.

The remaining errors go to the question of the defense of the execution of a release by the plaintiff for a consideration. This defense was interposed, and a reply was filed denying the execution and delivery of such a release, and stating that, if he had

signed such a release, it was while suffering pain and mental anguish and did not understand the same. The court said in the charge: "The burden of proving the matters set forth in the reply in avoidance of release made by the plaintiff, is upon the plaintiff, and this he is required to do by a preponderance of the evidence."

It is complained that the court lost sight of the fact that the burden rested upon the defendant to prove there was a settlement made. The reply and the evidence clearly establish that a settlement was agreed to with the plaintiff and that he signed a release of all claims for damages arising from the accident; that several months later, and prior to the bringing of this action, he cashed the check given in payment of the settlement. The settlement having been established, the burden was upon plaintiff to produce sufficient evidence to justify setting aside the settlement and release. Moreover, there were two issues presented for the determination of the jury: First, the negligence and liability of the defendant; and, second, the settlement. There were no interrogatories submitted to the jury, and their verdict was a general verdict. If there was any error in the charge of the court on the question of proof of settlement and release, it could not avail the plaintiff here, for the reason that, the jury having returned a general verdict, which could be based on the finding that the defendant was not guilty of any negligence causing the injury, error, if any, based on the other issue, would not require a reversal.

We find no prejudicial error in the record, and the judgment is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and ROSS, J., concur.